UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| TAMIRES DE PAULA FREITAS,<br>   Rua Pomba do Mar, 20<br>   Jardim Guamhembu<br>   Sao Paulo, Brazil<br><br>            Plaintiff(s)<br><br>            v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland Security;<br>KIKA SCOTT, in her official capacity,<br>Director, U.S. Citizenship and Immigration Services;<br>   2707 Martin Luther King Jr. Ave, SE<br>   Washington, DC 20528-0485<br><br>PAM BONDI, in her official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br><br>            Defendant(s). | Civil Action No. 1:25-cv-763 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, Indiana 46268, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

1

# INTRODUCTION

COMES NOW TAMIRES DE PAULA FREITAS (hereinafter "Plaintiff FREITAS" or "Plaintiff") Plaintiff, by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff FREITAS is a Brazilian national. On April 8, 2014, Plaintiff FREITAS's U.S. citizen father, Marcio D. Freitas, lawfully filed a petition with the United States Citizenship and Immigration Service for his daughter to become a U.S. permanent resident. The Form I-130 was approved on August 25, 2014.[1]

2. Following the approval of the Form I-130, Petition, Plaintiff FREITAS timely, completely, and lawfully filed the requisite Application, and paid the associated fees, to apply for the resulting benefit from her father's Petition. Plaintiff FREITAS thereafter also properly filed Form I-601A Application for Provisional Unlawful Presence Waiver, which was approved allowing Plaintiff to appear for her interview at the U.S. Consulate in Rio de Janeiro, Brazil, in 2022. During this interview, Plaintiff was informed that she also required an I-601 Application for Waiver of Grounds of Inadmissibility.

3. This action is brought as a result of Defendants' failure to adjudicate Plaintiff FREITAS's Form I-601, Application within a reasonable period of time. The Form I-601, Application has been in pending status for a period of over two years and two months (over 6 months or 795 days) without any action. Pursuant to INA 212(a) and 8 CFR 212.7(a), Plaintiff FREITAS has a statutory

---

[1] At the time Plaintiff Freitas's father filed the Form I-130 Petition for Alien Relative, he was a lawful permanent resident of the United States, however, he has since naturalized as a U.S. Citizen. As such, Plaintiff Freitas is now eligible to enter the United States as a permanent resident under the immediate relative category.

right to apply for a waiver of her unlawful presence using Form I-601, Application for Waiver of Grounds of Inadmissibility.

4. Plaintiff has a clear right to the adjudication of her Application in a timely manner. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

5. The delay in making a decision on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as there are no in-person interactions that are necessary or routine at this time; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

7. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

8. Plaintiff TAMIRES DE PAULA FREITAS is a citizen of Brazil and currently residing in Brazil while she awaits the adjudication of her I-601 Waiver. She is the beneficiary of an approved Form I-130, Petition for Alien Relative, filed by her now U.S. citizen father, Marcio D. Freitas. The approved Form I-130 allows beneficiary qualification for Plaintiff FREITAS to apply for an immigrant visa to become a lawful permanent resident of the United States. Plaintiff FREITAS is the applicant of a Form I-601, Application for Waiver of Grounds of Inadmissibility.

9. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant

NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

10. Defendant KIKA SCOTT is the Acting Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

11. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

13. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

14. The Plaintiff has repeatedly requested the Defendants to make a final decision on her Form I-601, Application. Furthermore, Plaintiff has initiated numerous inquiries with USCIS, directly, as well as through Senator Elizabeth Warren's Office, all to no avail.

15. The Plaintiff has exhausted her administrative remedies. Plaintiff has supplied USCIS with documents that establish Plaintiff's eligibility for approval of the Application.

16.     There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

17.     On April 8, 2014, Plaintiff FREITAS's father, Marcio D. Freitas, filed and paid the required government fees for, Form I-130, Petition for Alien Relative, naming his daughter, Plaintiff FREITAS, as a beneficiary (Receipt# WAC-14-902-06034) with USCIS. **[EXHIBIT A].**

18.     On August 25, 2014, the Form I-130, Petition for Alien Relative was approved by USCIS, granting beneficiary qualification to Plaintiff FREITAS, and thereafter she applied for her immigrant visa with the National Visa Center ("NVC").

19.     On January 10, 2023, Plaintiff FREITAS filed, and paid the required government fees for, Form I-601, Application for Waiver of Grounds of Inadmissibility, with USCIS (Receipt# LIN2390084369). **[EXHIBIT B].**

20.     Plaintiff has made numerous inquiries over the past two years and two months (over 26 months or 795 days) with USCIS, requesting the adjudication of her Application.

21.     Plaintiff's inquiries have not resulted in any meaningful response from Defendants.

22.     Plaintiff's Application now continues to be pending with USCIS for over twenty-five months.

23.     The delay in making a decision on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

24.     In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2023 of 11.6 months for the adjudication of I-601 Waivers. Plaintiff FREITAS's

Form I-601 has now been pending for over 26 months, which is over two times the average historical processing time for similarly filed application as reported by USCIS.[2]

25. Defendants have refused to provide further explanation which would merit the need for over twenty-six (26) months of processing time.

26. Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that his Application have been pending.

27. Plaintiff FREITAS's father has been deprived of the right he has as a U.S. citizen to qualify his daughter to become a permanent resident of the United States.

28. Plaintiff FREITAS has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

29. Moreover, Plaintiff FREITAS has incurred significant attorney's fees due to the Defendants' failure in adjudicating her Application within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- I-601

30. All prior paragraphs are re-alleged as if fully stated herein.

31. Pursuant to INA 212(a) and 8 CFR 212.7(a), Plaintiff FREITAS has a statutory right to apply for a waiver of her inadmissibility using Form I-601, Application for Waiver of Grounds of Inadmissibility.

32. Defendants have a duty to adjudicate Plaintiff FREITAS's Application within a reasonable period of time under 5 U.S.C. §555(b).

---

[2] https://egov.uscis.gov/processing-times/historic-pt

33.     The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

34.     No other adequate remedy is available to Plaintiff.

35.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

36.     Defendants have historically processed I-601 waiver applications filed in 2023 within 11.6 months, however, Plaintiff FREITAS's Application now continues to remain pending for over 26 months.

37.     Given the Defendants' lack of a reason for not making a decision on Plaintiff FREITAS's Application for over two years and two months (over 26 months or 795 days), Plaintiff's Application has been pending for an unreasonably long period of time.

38.     Defendants have failed in their statutory duty to adjudicate the Application within a reasonable time as they have taken over two times the historical average processing time in other I-601 waiver applications.

39.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff FREITAS's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

40.     Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff FREITAS's Application, thereby depriving Plaintiff of the rights to which she is entitled.

41.     As a result of this delay, Plaintiff and her family members have endured significant emotional and economic hardships. Plaintiff along with her father established a transportation

business named after her first born child. Plaintiff managed all office and administrative work, handling licensing, insurance, and operations and within a year they expanded the business. Everything was running smoothly until Plaintiff had to leave for her interview in Brazil. Following Plaintiff's departure, her father struggled to manage both the administrative and operational sides of the business. Tasks like payroll, banking, and accounting fell entirely on him while he was also on the road hauling cars. As the dispatcher, Plaintiff had also been responsible for securing transport jobs, but unreliable internet and phone service in Brazil have made it impossible for to assist her father. The time zone difference only made things worse. As a result, her father had to lay off employees and sell the trucks. Now, he is the sole worker, struggling to make ends meet under mounting debt. His financial stress has led to increased drinking, which affects both his health and work. Some days, he misses work entirely. His marriage is also suffering, yet he refuses psychological help despite a past diagnosis of major depressive disorder. Given the family history of heart disease, Plaintiff has serious concerns about the toll this is taking on her father's well-being.

42.    Plaintiff has also incurred enormous costs and significant attorney's fees. Further Plaintiff FREITAS has been unable to receive her permanent resident status and has lost time which would have accrued towards her qualification to naturalize as a U.S. Citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: March 14, 2025                                                          Respectfully submitted,

  /s/  Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*